# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv115

| | |
|---|---|
| **SYNOVUS BANK,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF**<br>) **DECISION AND ORDER** |
| **JANA M. OSADA,** | )<br>) |
| Defendant/<br>Third-Party Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| **SYNOVUS FINANCIAL CORP. d/b/a**<br>**NATIONAL BANK OF SOUTH**<br>**CAROLINA, et al.,** | )<br>)<br>)<br>) |
| Third-Party Defendants. | )<br>) |

**THIS MATTER** is before the Court on the Third Party Defendant Synovus Financial Corp.'s Motion to Dismiss Defendant's Second Amended Third Party Claims [Doc. 53] and the Plaintiff Synovus Bank's Motion to Dismiss the Defendant's Second Amended Counterclaims [Doc. 55].

Also before this Court is the case of Synovus Bank v. Coleman, Case No. 1:11cv66 (W.D.N.C.). The facts, legal issues and causes of action asserted in the Complaint in the present matter are virtually identical to those

in Coleman and the same attorneys appear in both cases. Even though the cases have not been consolidated, the decision of this Court in the Order being entered contemporaneously herewith in Coleman addresses and disposes of nearly all of the issues raised by the motions currently before the Court in this matter. The Order in Coleman, therefore, is incorporated herein, and, with the exception of the Defendant's counterclaim pursuant to N.C. Gen. Stat. § 75-1.1, *et seq.* ("Chapter 75 claim"), the current motions will be disposed of in accord therewith.

In addition to those counterclaims raised by the Defendant which are addressed by the Coleman decision, the Defendant asserts additional counterclaims for negligent misrepresentation, fraud, and fraud in the inducement. The facts asserted by the Defendant in support of these counterclaims are substantially similar to those asserted by the Defendants in Synovus Bank v. Karp, No. 1:10cv172 (W.D.N.C.). For the reasons stated in the Karp decision, the Court concludes that the Defendant's counterclaim for negligent misrepresentation must be dismissed. Further, for the reasons stated in Karp, the Bank's Motion to Dismiss will be denied as to the Defendant's counterclaims for fraud and fraud in the inducement.

As noted above, the Defendant also asserts a counterclaim for violation of Chapter 75. As the Court recognized in Karp, "[p]roof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive acts." Karp, No. 1:10cv172, slip op. at 27 (quoting Winston Realty Co. v. G.H.G., Inc., 314 N.C. 90, 97, 331 S.E.2d 677, 681 (1985)). Because the Court concludes that the Defendant has stated plausible claims for fraud and fraud in the inducement with enough particularity to survive the Plaintiff's Motion to Dismiss, the Court will likewise deny the Motion to Dismiss with respect to the Defendant's Chapter 75 claim.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Third Party Defendant Synovus Financial Corp.'s Motion to Dismiss Defendant's Second Amended Third Party Claims [Doc. 53] is **GRANTED**, and the Defendant's Second Amended Third Party Claims against Synovus Financial Corp. are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff Synovus Bank's Motion to Dismiss the Defendants' Second Amended Counterclaims [Doc. 55] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Bank's Motion

to Dismiss is **DENIED** with respect to the Defendant's counterclaims under the ILSA and Chapter 75 and for fraud and fraud in the inducement. In all other respects, the Bank's Motion to Dismiss is **GRANTED**, and all of the Defendants' counterclaims, with the exception of the aforementioned claims, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall conduct an initial attorneys' conference within fourteen (14) days of the entry of this Order and shall file a Certificate of Initial Attorneys' Conference within seven (7) days thereafter.

**IT IS SO ORDERED.**

Signed: August 15, 2012

Martin Reidinger
United States District Judge